**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 NOV -5 A 11:57
CLERK'S OFFICE
AT GREENBELT
BY ____ DEPUTY

**DEBORAH EL-BEY,** ***pro se*****,** *

Plaintiff, *

v. * Civil No. **PJM 19-1294**

**PETER FRANCHOT,**
**COMPTROLLER OF MARYLAND** *

Defendant. *

**MEMORANDUM OPINION**

*Pro se* Plaintiff Deborah El-Bey ("El-Bey"), a citizen of Maryland, was previously licensed to work as a dental hygienist by the Maryland State Board of Dental Examiners. ECF No. 1. In her Complaint filed May 2, 2019 (ECF No. 1), El-Bey alleges that the Comptroller of Maryland ("Comptroller") unlawfully placed a lien on her state dental hygienist license. ECF No. 1. The lien was placed after she failed to pay state income taxes for tax year 2012, did not make a timely appeal of the assessment, and was unable to provide a justification to the state for her non-payment. ECF No. 6-1. El-Bey asks the Court to remove the lien on her license and award her compensatory damages and court fees. ECF No 1, p. 2.

Defendant, Peter Franchot, Comptroller of Maryland,[1] has moved to dismiss this Complaint. ECF No. 6. Relying on Fed. R. Civ. P. 12(b)(1), the Comptroller argues that the Court lacks subject matter jurisdiction because the case is barred by the Tax Injunction Act ("TIA"), codified at 28 U.S.C. § 1341. ECF No. 6.

[1] The Comptroller of Maryland is a constitutional officer of the state charged with the general superintendence of its fiscal affairs, including the prompt collection of all taxes and revenues. ECF No. 6-1, p. 3; *see also* Md. Const. art. VI, §§ 1-2.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, the Defendant's Motion to Dismiss is **GRANTED**.

## I. Factual and Procedural Background

On April 23, 2014, El-Bey was issued an assessment from the Maryland Comptroller for failing to pay state income taxes for the year 2012.[2] ECF No. 1-2. In the same issuance, she was advised that her failure to appeal the decision within 30 days would "constitute a final and non-appealable determination of liability." *Id.* El-Bey took no action, her original unpaid balance of $9,679.90 accrued interest, and a penalty was added. ECF No. 6-1, p. 2, 19. On September 14, 2017, the Comptroller issued El-Bey a notice of lien of judgement for her unpaid income taxes for the year 2012. *Id.* at 1. At the time the notice was issued, El-Bey owed $16,607. *Id.* at 2.

Only after receiving the notice, over three years after she was advised of the 30-day deadline by which to submit an appeal, did El-Bey finally appeal the assessment, on November 6, 2017. ECF No. 1-2.

On December 12, 2017, the Comptroller responded by letter to El-Bey and explained that her untimely appeal precluded her from receiving a hearing but that he could still "correct an erroneous final assessment." *Id.* He, thus, requested that she provide "documentation supporting a reduction in the assessment" by January 12, 2018, if, in fact, the assessment was erroneous. *Id.*

It appears that El-Bey did not respond to this request, and on February 13, 2018, the Comptroller wrote again to El-Bey asking for "any Maryland statutory law that states [she is] not required to file a state tax return." *Id.* The Comptroller reiterated that in the absence of any documentation showing that her 2014 assessment had been erroneous, or that she was exempt from taxation, her failure to make a timely appeal within 30 days of receipt of the assessment had barred

[2] On May 8, 2019, El-Bey was also issued Maryland income tax non-filer assessments for tax years 2013 and 2014 which, to date, have not been appealed. *See* ECF No. 6-1, p. 2.

her from receiving a hearing on the matter and that the assessment was "final" and "non-appealable." *Id.*

On March 4, 2018, El-Bey responded, asserting that she was exempt from filing state income taxes by Maryland Tax-General Code Ann. § 10-809.[3] ECF No. 1-3, p. 3. In support of her assertion, El-Bey quoted the following statutory language: "If an individual is not required to file an income tax return under § 10-805, § 10-806, or § 10-813 of this subtitle, the individual: (1) Is not liable for income tax, and (2) May file an income tax withheld or estimated income tax paid or a refund." *Id.* El-Bey did not explain why the subsections cited apply to her and only stated that "she was never liable nor obligated for income taxes since she has declared that she is **not** an artificial or corporate person and thus, by legal definition and the Supreme Court, never could have made an 'income'" (emphasis in original). *Id.* It is unclear whether the Comptroller replied to this response, or, in the alternative, if it found a reply to this peculiar assertion was simply unwarranted.

On February 26, 2019, the Maryland State Board of Dental Examiners notified El-Bey that her state dental hygienist license would not be renewed until the Board "receive[d] notice from the. . . Comptroller that the State's liability concerns ha[d] been addressed." ECF No. 1-1.

On May 1, 2019, El-Bey filed her Complaint in this Court.[4] ECF No. 1. She claims her assessment was erroneous because she does "not have any liabilities with the Maryland Comptroller." *Id.* at 2. She further alleges that the State has taken her "private property," and "for many years. . . has unlawfully removed large quantities of funds from [her] daily wages." *Id.* El-Bey demands that the Court remove the lien on her occupational license, and she seeks $2 million

[3] § 10-809 governs individuals who are not required to file tax returns.

[4] El-Bey asserts that this Court has jurisdiction "by Federal Question and Diversity" and cites an inventive panoply of legal rules and doctrines, including "Title 31 subsection 3124, Title 13, UCC 3-501, the Fourth and Fifth Amendments of the Constitution." ECF No. 1, p. 2. Equally curious and, likewise, flawed is her assertion that the Court has Diversity jurisdiction over this dispute because she "is a Natural Divine Person [while] [t]he Defendant is a Corporate Entity." *Id.*

dollars in compensation, court fees, and a return of any overpayment of Maryland taxes. *Id.* at 2-3.

On May 20, 2019, the Comptroller filed a Motion to Dismiss for lack of subject matter jurisdiction, asserting that the suit is barred by the TIA and the Eleventh Amendment. ECF No. 6. On June 28, 2019, El-Bey responded, claiming that the TIA does not apply and, alternatively, that the Court has jurisdiction pursuant to 31 U.S.C. § 3124 ("Refund of Internal Revenue Collections") and the Fourth Amendment. ECF No. 9, p. 1. To date, the Comptroller has not filed a Reply.

## II. Standard of Review

### *a. Motion to Dismiss*

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (citation omitted). If at any point "a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

"A motion filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests a court's subject matter jurisdiction to adjudicate a case." *FTC v. AmeriDebt, Inc.*, 343 F. Supp. 2d 451, 459 (D. Md. 2004) (citing *U.S. v. Morton*, 467 U.S. 822, 828 (1984)). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When considering a 12(b)(1) challenge to subject matter jurisdiction, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citation and

quotation marks omitted). While "a plaintiff proceeding *pro se* is entitled to a 'less stringent standard' than is a lawyer, and the court must construe his claims liberally, no matter how 'inartfully pleaded,'" *Ross v. Fed. BATF*, 807 F. Supp. 2d 362, 368 (D. Md. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), a 12(b)(1) motion to dismiss is properly granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (citation and quotation marks omitted).

## III. Analysis

The Comptroller challenges the Court's subject matter jurisdiction over this case, arguing, first, that the suit is barred by the TIA. ECF No. 6. In determining the TIA's applicability, the Court must first decide whether the charge at issue – in this case a state income tax – is, in fact, a tax, and not a fee. It must then determine whether the state has provided El-Bey with sufficient process to contest the state income tax assessment. As explained below, a state income tax most certainly qualifies as a tax under the TIA, and El-Bey was afforded a proper process to contest her assessment. Accordingly, the TIA controls, and the Court lacks subject matter jurisdiction over the dispute.

### *a. The Tax Injunction Act*

The TIA limits the subject matter jurisdiction of federal courts. It provides that "[t]he district court shall not enjoin, suspend or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. If a taxpayer who wishes to contest an assessment "follows the proper channels [and] can receive adequate judicial review under state law," the remedy is considered 'plain, speedy and efficient.' *Collins Holding Corp. v. Jasper Cty. S.C.*, 123 F.3d 797, 800 (4th

Cir. 1997). "This statutory provision is a jurisdictional bar that is not subject to waiver."[5] *Folio v. City of Clarksburg, W.Va.*, 134 F.3d 1211, 1214 (4th Cir. 1988). Furthermore, the TIA bars declaratory judgment and injunctive relief, along with refund litigation. *Lawyer v. Hilton Head Public Service. Dist. No. 1*, 220 F.3d 298, 301-02 (4th Cir. 2000) (citing *California v. Grace Brethren Church*, 457 U.S. 393, 408-11 (1982)).

*b. State Income Taxes are 'Taxes' for Purposes of the TIA*

The Comptroller asserts that "[t]he taxes El-Bey seeks to enjoin, suspend or restrain are unquestionably state taxes." ECF No. 6-1, p. 6. The Court agrees. The assessment that El-Bey refused to pay is a state tax: It is imposed by the Comptroller of Maryland, a constitutional officer of the state, and upon the income of all state residents. Furthermore, the revenue generated by state income taxes is for the general benefit of the citizens of Maryland. Indeed, it is a "'classic tax'. . . imposed by the legislature upon a large segment of society and is spent to benefit the community at large." *Valero Terrestrial Corp. v. Caffrey*, 205 F.3d 130, 134 (4th Cir. 2000); *see also Collins Holding Corp.*, 123 F.3d at 799 n.2 ("It has long been established. . .that the Tax Injunction Act applies to. . .state taxes").

*c. Maryland's Procedural Requirements for Contesting a Tax Meet the 'Plain, Speedy, and Efficient' Standard Set Forth in the TIA.*

In her Complaint and her Opposition to Comptroller's Motion to Dismiss, El-Bey does not challenge the adequacy of the process for contesting a tax assessment in Maryland. Rather, she argues that "the Tax Injunction Act does not apply" to her. ECF No. 9, p. 2. For the following

---

[5] Indeed, "[t]his broad restriction on federal court jurisdiction over state and local tax matters reflects the importance of the taxing power to the operation of state governments as well as the desire of the Congress to restrain federal courts from unduly interfering with state revenue collection." *Collins Holding Corp. v. Jasper County, South Carolina*, 123 F.3d 797, 799 (4th Cir. 1997).

reasons, the Court disagrees with El-Bey: As discussed above, the TIA applies, and its procedure is sufficient.

Maryland law establishes a procedure available to all individuals who wish to contest an income tax assessment. *See* Md. Code, Tax-Gen § 13-508. If, within 30 days after receiving an assessment, the person against whom the assessment is made submits "an application for revision," the Comptroller is required to "hold an informal hearing," "act on the application for revision," and issue a "notice of final determination." *Id.* The Fourth Circuit has recognized these procedures as "plain, speedy, and efficient" for taxpayers wishing to contest assessments. *See*, *e.g.*, *Strescon Industries, Inc. v. Cohen*, 664 F.2d 929, 932 (4th Cir. 1981) (Maryland affords appellants "a full and fair opportunity to challenge. . . respective tax levies"); *Mayor of Baltimore v. Vonage Am. Inc.*, 544 F.Supp. 2d, 458, 464-65 (D. Md. 2008) ("Maryland courts provide a 'plain, speedy, and efficient' remedy for a taxpayer challenging [a tax] because 'the available state court remedies meet certain procedural criteria'") (internal citation omitted); *Gray v. Owens*, 413 F. Supp. 2d 573, 581 (D. Md. 2006) (Maryland's "state law remedy. . . provides judicial review and therefore satisfies the procedural criteria required by the 'plain, speedy and efficient' provision of the Tax Injunction Act").

Not only do Maryland's procedures meet the requirements of the TIA, these procedures were followed as they pertain to El-Bey. She was promptly notified of the procedure that granted her 30 days after receipt of her assessment to file an appeal, but she waited over three years to take any action. By then, her appeal was untimely, her assessment had accrued interest and was fined a penalty, and ultimately, a lien was placed on her occupational license. El-Bey has failed to show, or even argue, that Maryland's procedural requirements for contesting an assessment are not "plain, speedy, and efficient." Though she is now inconvenienced by this outcome, she was granted

a fair opportunity to appeal her assessment, and this Court has no authority to intervene in the state's effort to collect outstanding tax assessments.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's suit will be **DISMISSED WITH PREJUDICE**.

A separate Order will **ISSUE**.

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 4, 2019**

[6] Moreover, among her demands, El-Bey seeks court fees and removal of the lien on her license, remedies explicitly barred by the TIA. As the Court concludes the suit is barred by the TIA, it need not discuss the Defendant's Eleventh Amendment argument or the Plaintiff's assertion that this Court has subject matter jurisdiction based on 31 U.S.C. § 3124 and the Fourth Amendment.